IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAVEN PATRICE JONES, | ( |
| Plaintiff, | ( |
| vs. | ( No. 20-2753-MSN-cgc |
| WILLIAM BARR et al, | ( |
| Defendants. | ( |

REPORT AND RECOMMENDATION
ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

On October 5, 2020, Plaintiff Raven Patrice Jones, a resident of Cordova, Tennessee, filed a *pro se* complaint, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.)

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. §1914(a). To ensure access to the courts, however, 28 U.S.C. §1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. §1746.

1

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as William Barr, Christopher A. Wray, M.A. Mo Myers, Jermicha L. Fomby, Jeremy N. Baker, Michael Rallings, Christopher Ford, Robert Hartline, Jonathan Skrmetti and Channing Irvin.

The facts set forth in the complaint are fanciful, delusional and clearly baseless. Among other things, Plaintiff alleges that her "body was setup to play the role of a virtual prostitute in the undercover operations" (¶2), that she was "microchipped" without her knowledge (¶5), that "law enforcement has refused to give [her] control over [her] device and has held [her] as a political prisoner against [her] will by seizing control over [her] person" (¶8), that she was offered "$1,000,000.00 using the Federal Tort Claim Act at the Federal Agency level which would afford the removal of the implant" (¶11), that she was "physically assaulted near [her] surgical site via the biomedical engineering Super Soldier Program" (¶20), and that she was "sexually assaulted via the Neural Dust NFC device while Ubering and told by Christopher Ford and an unknown officer that [she] would be held as a political prisoner and forced into virtual prostitution." (¶26)

Plaintiff alleges violations of 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 1584, 18 U.S.C. § 1592 and 42 U.S.C. § 3631 and seeks $1,752,576,000 from the Department of Justice for "10 years of forced labor, involuntary servitude, civil rights abuses and violations caused by its programs, employees and contractors."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates

for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011).

The statutes in Title 18 of the United States Code that Plaintiff relies on for relief do not create private rights of action. *See*, Yahoshua-Yisrael: Yahweh v. City of Memphis, No. 12-2897-JDT-CGC, 2014 WL 1689715, at *8 (W.D. Tenn. Apr. 29, 2014) "The Sixth Circuit has concluded that 18 U.S.C. Section 241 provides no private right of action and that a private citizen lacks standing to file a claim under this." *citing* Booth v. Henson, 290 Fed. Appx. 919, 920–21 (6th Cir.2008); Hinton v. Teodosio, No. 5:12 CV 1267, 2012 WL 5354584, at *10 (N.D. Ohio Oct. 29, 2012). "Title 18 U.S.C. § 242 is a federal criminal statute that cannot provide the basis for any private cause of action by the Plaintiff". *citing* U.S. v. Oguaju, No. 02–2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); Steele-El v. Valvoline Instant Oil Change, No. 18-12277, 2019 WL 4640348, at *4 (E.D. Mich. Sept. 24, 2019) "18 U.S.C. § 245 "does not confer upon plaintiff a private right of action" or provide "a basis for any claim upon which relief can be granted."" *Citing* Howard v. Supreme Court, No. 2:07-cv-0514, 2007 U.S. Dist. LEXIS 79354, at *13 (S.D. Ohio Oct. 25, 2007); Buchanan v. City of Bolivar, Tenn., 99 F.3d 1352, 1357 (6th Cir. 1996) "18 U.S.C. § 1584 is a criminal statute enacted by Congress to enforce the Thirteenth Amendment; § 1584 does not provide for a private civil remedy." Similarly, 42 U.S.C. § 3631, which sets out the violations and penalties for interference, coercion or intimidation in connection with fair housing programs, does not provide for a private civil remedy. Therefore, it is RECOMMENDED that Plaintiff's claims should be dismissed for failure to state a claim for which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit

requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 23rd day of October, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**