IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RAVEN PATRICE JONES,

    Plaintiff,

v.                                       Case No. 2:20-cv-02753-MSN-cgc

WILLIAM BARR ET AL.,

    Defendants.

_____

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
AND ORDER DENYING REMAINING MOTIONS AS MOOT**

_____

    Currently before the Court cause are the Magistrate Judge's Report and Recommendation issued pursuant to 28 U.S.C. § 1915(e)(2)(B), (ECF No. 6), Plaintiff's Motion to Amend Complaint to Conform to the Evidence as a Matter of Course, (ECF No. 8), Plaintiff's Motion for Misjoinder and Nonjoinder, (ECF No. 10), Plaintiff's Motion for Bench Trial, (ECF No. 11), the Magistrate Judge's Report and Recommendation addressing Plaintiff's Motion to Amend, (ECF No. 13), and an additional Motion to Amend Complaint to Conform to the Evidence as a Matter of Course to Relate Back. (ECF No. 15.) For the reasons below, the Court **ADOPTS** both of the Magistrate Judge's Report and Recommendations in their entirety and **OVERRULES** Plaintiff's objections to both. In light of this, Plaintiff's remaining motions are **DENIED AS MOOT**.

## Background

    Plaintiff brings this *pro se* action against various officials in the Executive Branch, Memphis Police Director Michael Rallings, and the CEO of Absolute Wireless, Robert Hartline. (ECF No. 1 at PageID 2–5.) She alleges violations of her rights under the Fourth, Fifth, Sixth, and

1

Fourteenth Amendments of the United States Constitution in addition to violations under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 1584, 18 U.S.C. § 1592, and 42 U.S.C. § 3631.[1]  (*Id.* at PageID 15.)  In conjunction with her *pro se* complaint, Plaintiff asked for leave to proceed *in forma pauperis*.  (ECF No. 2.)  The Magistrate Judge granted that request.  (ECF No. 6 at PageID 25.)

As a consequence of pauper status, the Magistrate Judge screened Plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2)(B), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that. . . (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

(ECF No. 6 at PageID 25–26.)  Having done so, the Magistrate Judge concluded that Plaintiff's complaint failed to state a claim for which relief could be granted.  (*Id.* at PageID 28.)

Indeed, the Magistrate Judge's Report labels the allegations in Plaintiff's complaint as "fanciful, delusional and clearly baseless."  (*Id.* at PageID 25.)  As a brief summary, Plaintiff alleges that she was used as a confidential informant by the Federal Bureau of Investigations, the United States Secret Service, and the Memphis Police Department for investigations into mortgage fraud, counterterrorism, counterfeit goods, Initial Public Offerings (IPO), and technology procurement trials using the Foreign Surveillance Act of 1978.  (*Id.* at PageID 8.) She goes on to allege that her "body was setup to play the role of a virtual prostitute" as part of these undercover

---

[1]. Although Plaintiff alleges violations of several constitutional rights, she fails to provide any allegations in support; instead, her complaint only focuses on the purported statutory violations.  (ECF No. 1 at PageID 8–14.)

2

operations. (ECF No. 1 at PageID 8.) She also has been "microchipped" without her "knowledge or consent with a listening device to be used as a confidential informant." (*Id.* at PageID 9.) She requests an award of $1,352,576,000 as compensatory damages and $400,000,000 as "exemplary damages." (*Id.* at PageID 15.)

The Magistrate Judge's Report and Recommendation recommended dismissal of Plaintiff's action for failing to plead a claim for which relief could be granted. (ECF No. 6 at PageID 28.) Notwithstanding the outlandish character of Plaintiff's allegations, the Report concluded that the statutory provisions on which Plaintiff relies do not create private rights of action. (*Id.*) (citing relevant case law). Thus, even when viewed under the liberal pleading standard afforded to *pro se* litigants, Plaintiff failed to plead a plausible claim for relief. (*Id.* at PageID 27–28.) In addition, the Magistrate Judge's Report also concluded that an appeal on this matter would not be taken in good faith pursuant to 28 U.S.C. 1915(a)(3). (*Id.* at PageID 29.)

Plaintiff timely filed her objections to the Magistrate Judge's Report on November 5, 2020. (ECF No. 7.) She has also since moved to amend her complaint. (ECF No. 8.) The Magistrate Judge issued her Report and Recommendation addressing Plaintiff's Motion for Leave to Amend on February 9, 2021. (ECF No. 13.) The Court will take each up in turn.

## The Report and Recommendation

### A. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**B.    Analysis**

The Magistrate Judge found that Plaintiff's allegations were "fanciful, delusional and clearly baseless." (ECF No. 6 at PageID 25.) Under 28 U.S.C. § 1915(e)(2)(B), the Court "shall

dismiss the case at any time if. . . the action or appeal fails to state a claim on which relief may be granted[.]" The Magistrate Judge applied the familiar standard under Rule 12(b)(6) to determine if Plaintiff failed to plead a claim for relief. (ECF No. 6 at PageID 26.) Having done so, the Report concluded that Plaintiff failed to plead a claim for which she is entitled to relief. (*Id.* at PageID 28.)

Plaintiff filed her objection to the Report and Recommendation on November 5, 2020. (ECF No. 7.) Admittedly, the Court struggles to comprehend the arguments laid out by Plaintiff. Normally, objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *See Currie*, 50 F.3d at 380. However, Plaintiff, as a *pro se* litigant, enjoys a less demanding standard. *See generally Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011); *In re McFadden*, 477 B.R. 686, 688 (Bankr. N.D. Ohio 2012). Even so, this more forgiving approach to *pro se* pleadings does not remedy Plaintiff's issues here.

The Magistrate Judge's Report found that the statutory provisions Plaintiff cites in her complaint do not provide for private actions, thus dismissal was warranted. (ECF No. 6 at PageID 28.) Plaintiff's objections do not disturb this conclusion.

At times, Plaintiff uses her objections to focus on some aspects not addressed in the Magistrate Judge's Report. For example, Plaintiff accuses the Magistrate Judge of ignoring her "request for injunctive relief." (ECF No. 7 at PageID 31.) After reviewing Plaintiff's complaint, the Court cannot discern where Plaintiff made such a request.

Turning to the aspects of Plaintiff's objections that respond to the Report, the Court finds them without merit. Plaintiff first takes issue with the Report's finding that 18 U.S.C. § 241, 18 U.S.C. § 1584, and 42 U.S.C. § 3631 fail to provide for private causes of action. (ECF No. 7 at

PageID 32.) Her argument in support of this objection is hard to follow. She contends that the Court has the inherent authority to request additional evidence to allow Plaintiff to substantiate her claims. (*Id.*) While maybe true, this assertion fails to address the heart of the issue: namely, that the statutes cited do not provide private rights of action. Additional evidence would not cure this deficiency.

Next, she cites to 5 U.S.C. § 552a(g) in support of her assertion that a private right of action exists. (*Id.* at PageID 33.) Section 552a(g) concerns individual records possessed by Government agencies. *See* 5 U.S.C. 552a. Further, it is true that 5 U.S.C. §552a(g) provides that an "individual may bring a civil action." However, Plaintiff did not plead this in her complaint nor does the Court understand the connection between this statute and those cited in her Complaint.

Turning to some of Plaintiff's other causes of action—those brought pursuant to 18 U.S.C. §241 and 18 U.S.C. § 242— Plaintiff again objects to the Magistrate Judge's Report finding that these statutes do not provide her a private cause of action. (ECF No. 7 at PageID 34.) In support of her argument under 18 U.S.C. § 241, Plaintiff directs the Court to *United States v. Price*, 383 U.S. 787 (1966). (*Id.*) Particularly, she relies on the *Price* opinion for the notion that a right to a private cause of action might exist under 18 U.S.C. § 241. (*Id.*) *Price* does not support Plaintiff's assertion. The *Price* opinion makes clear that "[t]he sole question presented in these appeals is whether the specified statutes make criminal the conduct for which the individuals were indicted," not whether a private civil remedy exists under 18 U.S.C. § 241. *Price*, 383 U.S. at 789.

Concerning 18 U.S.C. § 242, Plaintiff concedes that this is a criminal statute. (ECF No. 7 at PageID 34.) However, she again objects to the Magistrate Judge's conclusion that no private action exists. (*Id.*) In support, Plaintiff contorts the meaning of the meaning of Federal Rule of Civil Procedure 9. (*Id.* at PageID 34–35.) Ultimately, in responding to the Magistrate Judge's

conclusion that the statutory provisions fail to provide her a private action here, Plaintiff fails to provide any relevant support for the assertion that the statutes she sues under provide for a private right of action; thus, her objections to the Magistrate Judge's Report on this ground are unfounded and **OVERRULED**.

Finally, Plaintiff objects to the standard used by the Magistrate Judge in determining that an appeal in this matter would not be taken in good faith. (*Id.* at PageID 35–36.) In making this determination, The Magistrate Judge relied on 28 U.S.C. § 1915(a)(3). (ECF No. 6 at PageID 29.) The Magistrate Judge correctly noted that the standard to apply under 28 U.S.C. § 1915(a)(3) is an objective one. (*Id.*) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Plaintiff, in response, conflates a court's finding that a claim is frivolous under 28 U.S.C. § 1915(d)(b)(i) with a court's finding that an appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3). These are not the same. Thus, Plaintiff's objection is misplaced and **OVERRULED**.

Ultimately, the glaring obstacle presented by the Magistrate Judge's Report and Recommendation is the finding that the statutory provisions do not provide for a private cause of action. Plaintiff arguments are unpersuasive for the reason that they fail to rebut that finding. Accordingly, Plaintiff's objections are **OVERRULED,** and the Report is **ADOPTED** in its entirety.

## Motion to Amend

Also, in front of the Court is Plaintiff's motion to allow her leave to amend her complaint. (ECF No. 8.) The Magistrate Judge issued her Report concerning the Motion on February 9, 2021. (ECF No. 13.) The Report recommends that the motion be denied. (*Id.* at PageID 109.) Plaintiff timely filed her objections to the Report. (ECF No. 14.)

The Court's analyzes this request under Federal Rule of Civil Procedure 15. Rule 15 provides for specific instances in which a party may have leave to amend as a matter of course. Fed. R. Civ. P. 15(a)(1). However, whereas here, when more than 21 days have passed, the party can only amend with the consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). The Court should grant leave "when justice so requires." *Id.*

While Rule 15 undoubtedly favors allowing parties an opportunity to amend, *see Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam), an opportunity to amend should not be allowed if such amendment would be futile. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) ("A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, **or would be futile**.") (emphasis added). To determine futility, the Court asks whether the proposed amendment could withstand a Rule 12(b)(6) motion to dismiss. *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

The Magistrate Judge's Report concludes that Plaintiff's Motion for Leave to Amend be denied because any amendment would be futile. (ECF No. 13 at PageID 108–09.) As an initial matter, the Report construes Plaintiff's proposed amendment as supplementing the factual allegations contained within the Complaint. (*Id.* at PageID 108.) On this note, the Court agrees. *See, e.g.*, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and internal citations omitted). These proposed amendments, however, do not alter the Report's conclusion that the statutes on which Plaintiff relies do not provide a private right of action. (*Id.* at PageID 108–09.) As the Report correctly notes, the flaw in Plaintiff's complaint was not insufficient factual

8

allegations, but her reliance on statutes which do not provide her with a private cause of action. (*Id.* at PageID 108–09.)

Plaintiff filed her objections on February 22, 2021. (ECF No. 14.) That same day, she filed another Motion to Amend with her proposed amendments. (ECF No. 15.) The purported amendment is nearly identical to the one the Magistrate Judge addressed in her Report. (*See* ECF Nos. 8, 14, and 15.) After review, Plaintiff's objections do not address the Report's findings. Further, even when viewing Plaintiff's Complaint in light of this additional evidence, Plaintiff's claims still suffer from the same fatal flaw: Plaintiff has not pled claims for which she would be entitled to relief. The additional evidence does not rebut the Magistrate Judge's findings that the statutory provisions relied on here fail to provide for a private cause of action. Plaintiff's proposed amendment does not cure that deficiency. Therefore, the amendment here would be futile. Accordingly, the Court **ADOPTS** the Report and **OVERRULES** Plaintiff's objections. Plaintiff's motion for leave to amend is **DENIED**.

## Conclusion

For the reasons stated above, the Court **ADOPTS** in their entirety both of the Magistrate Judge's Report and Recommendations and **OVERRULES** Plaintiff's objections. Plaintiff's motion to amend is **DENIED** as it would be futile. In light of these findings by the Court, Plaintiff's complaint is hereby **DISMISSED**. The Court further **CERTIFIES**, that for the same reasons Plaintiff has failed to plead a plausible claim, an appeal on this matter would not be taken in good faith. Plaintiff's remaining motions, Motion for Misjoinder and Nonjoinder, (ECF No. 10), and Motion for Bench Trial and to Appoint counsel, (ECF No. 11), are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 7th day of June, 2021.

*s/ Mark Norris*
MARK S. NORRIS

9

UNITED STATES DISTRICT JUDGE